

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Fishbein Family v. PPG Ind Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Fishbein Family v. PPG Ind Inc" (2009). *2009 Decisions.* Paper 2004.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2004

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3628

THE FISHBEIN FAMILY PARTNERSHIP,

Appellant

v.

PPG INDUSTRIES INC; WATERS, MCPHERSON & MCNEILL, P.C.;
WILLIAM J. WARD, ESQ.; JOHN P. BEYEL;
MCELROY, DEUTSCH & MULVANEY; BUDD LARNER GROSS
ROSENBAUM GREENBERG & SADE, P.C.; ABC LAW FIRMS;
DEF LAW FIRM; XYZ LAW FIRMS 1-10; ATTORNEY JOHN DOES 1-10

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 93-cv-00653)
District Judge: Hon. Dennis M. Cavanaugh

Submitted pursuant to Third Circuit LAR 34.1(a)
September 11, 2008

Before: McKEE, SMITH and WEIS, *Circuit Judges*.

(Opinion filed: January 22, 2009)

OPINION

McKEE, *Circuit Judge.*

The Fishbein Family Partnership ("FFP") appeals an order of the district court

granting summary judgment in favor of various attorneys and law firms and against FFP

on the legal malpractice claims FFP filed against them. For the reasons that follow, we

will affirm.

**I.**

Because we write primarily for the parties, we will only recite the facts and procedural history necessary to our resolution. FFP filed this action against PPG Industries, Inc. in 1993. The relief FFP sought included damages for PPG's alleged failure to disclose information concerning the presence of chromium residue at a property purchased by FFP from PPG in 1964, damages for the loss of tenants at the property and for costs incurred in the environmental clean-up of the site. The original complaint asserted causes of action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and the New Jersey Spill Compensation and Control Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.*, as well as a number of state common law claims.

PPG moved to dismiss FFP's state common law claims arguing that they were outside of New Jersey's six-year statute of limitations for property damages, N.J.S.A. 2A:14-1. The district court ruled that, pursuant to New Jersey's discovery rule it was "undisputed . . . that FFP's causes of action accrued at the latest by April or May 1985, if not earlier." *The Fishbein Family Partnership v. PPG Industries, Inc.*, No. 03-653, slip op. at 8 (D.N.J. Mar. 7, 1996). It concluded that "it could hardly be more clear that FFP – as successor to Clif/Lawrence – knew or should have known of its causes of action

2

against PPG long before February 1987."[1] *Id*. at 9. However, the district court never determined exactly when FFP knew or should have known of its potential common law claims against PPG relating to the property.

On July 3, 1997, FFP filed an amended complaint asserting legal malpractice claims against various attorneys and law firms that had represented it over the years in connection with the property. FFP claimed that it lost its right to pursue PPG for damages on its common law claims because its attorneys had failed to institute suit on its behalf during the statute of limitations period.

Thereafter, FFP and PPG entered into a consent order providing that "all claims asserted by Plaintiff against Defendant in the above-captioned action and all counterclaims asserted by Defendant against Plaintiff in the above-referenced action are hereby dismissed with prejudice."

In June 2007, the various attorneys and law firms moved for summary judgment on the ground that the six-year statute of limitations on FFP's common law claims against PPG had already expired by the time they were retained to represent FFP. On August 30, 2007, the district court granted the summary judgment motions. 2007 WL 2509811 (D.N.J. Aug. 30, 2007). It found that the statute of limitations had run before any of the attorneys and law firms were hired by FFP, and, therefore, the attorneys and law firms

---

[1]Lawrence Construction Company and Clif Associates were owned by members of the Fishbein family, including Fred Fishbein, his wife, Claire, his son Lawrence and his daughter Iris. These entities were the corporate predecessors to FFP.

cannot be held liable for malpractice. *Id*. at \*3. FFP then filed a timely appeal.[2]

## II.

In New Jersey, "[t]he elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney; (2) the breach of that duty by the defendant attorney, and (3) proximate causation of the damages claimed by the plaintiff." *McGrogan v. Till*, 771 A.2d 1187, 1193 (N.J. 2001).

"Ordinarily, the statute of limitations for an action begins to run when all the elements of the cause of action are present, or, more plainly, 'from the moment of the wrong.'" *Amland Properties v. Aluminum Co. of Am.*, 808 F. Supp. 1187, 1190 (D.N.J. 1992) (quoting *Lopez v. Swyer*, 300 A.2d 563, 566 (N.J. 1973)). Under New Jersey's discovery rule, however, a cause of action does not accrue "until the plaintiff learns, or reasonably should learn, the existence of a state of facts which may equate in law with a cause of action." *Vispiano v. Ashland Chem. Co.*, 527 A.2d 66, 71 (N.J. 1987) (quoting *Burd v. N.J. Tel. Co.*, 386 A.2d 1310, 1314 (N.J. 1978)).

Here, it is undisputed that Clif/Lawrence, FFP's predecessors, *see* n.1, *supra*, knew

---

[2]Our review of the grant of summary judgment is plenary. *McGowen v. NJR Serv. Corp.*, 423 F.3d 241, 244 (3d Cir. 2005). We apply the same standard that the district court applied. *Id*. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c).

by no later than September 1973, when the Heller Labs Foundation Report was issued, that the presence of chromium in the fill material at the property purchased from PPG in 1964 was causing damage to the foundations of its buildings.  However, during the six year period from 1973 through 1979, FFP's predecessors took no action to pursue claims against PPG relating to the contamination of the soil at the property.   In addition, it is undisputed that at no time during the six year period from 1973 to 1979 did any of the various attorneys and law firms named in the amended complaint represent FFP or its predecessors.  Therefore, none of the attorneys and law firms can be held responsible for missing the statute of limitations.

FFP contends that the 1973 Heller Labs Report could not trigger the running of the limitations period on claims against PPG because FFP did not have actual knowledge of the health dangers of hexavalent chromium until 1983.  FFP further contends that it hired the first of the various attorneys and law firms that same year.   Morever, FFP notes that the complaint against PPG was not filed until 1993, past the six-year limitations period.  Therefore, according to FFP, the attorneys and law firms were negligent by not filing the complaint within the limitations period.

However, under New Jersey's discovery rule, "in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or *by an exercise of reasonable diligence and intelligence should have discovered* that he may have a basis for an actionable claim." *Lopez v. Swyer*, 300 A.2d 563, 565 (N.J.1973) (emphasis added).

5

Here, the Heller Lab Report was a sufficient indication of environmental contamination to put FFP's predecessors on notice of the need to investigate all claims they might have against PPG arising out of the contaminated fill material. FFP cannot wait until it obtains actual knowledge of harm; yet, that is exactly what FFP did.

## III.

For the above reasons, we will affirm the district court.